The STATE of Ohio, Appellee,

v.

BROOKS, Appellant.

[Cite as State v. Brooks, 176 Ohio App.3d 210, 2008-Ohio-1726.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–768.

Decided April 10, 2008.

Richard C. Pfeiffer Jr., City Attorney, Lara N. Baker, Chief Prosecuting Attorney, and Melanie R. Tobias, Assistant Prosecuting Attorney, for appellee.

Dennis C. Belli, for appellant.

———————

TYACK, Judge.

{¶ 1} Defendant-appellant, Eric Brooks, appeals from his conviction for public indecency in violation of R.C. 2907.09(A)(2). He assigns four errors for our consideration:

[I.] Defendant–Appellant's conviction for public indecency is not supported by evidence sufficient to satisfy the requirements of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution; or alternatively, is against the manifest weight of the evidence.

[II.] The municipal court violated Crim.R. 16(E)(3) and deprived Defendant–Appellant of his right to due process and a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution when it allowed the prosecutor to impeach him with custodial statements that the court had previously excluded from the trial as a sanction for a discovery violation by the state.

[III.] Improper conduct by the prosecution during cross-examination and closing argument deprived Defendant–Appellant of his right to due process and a fundamentally fair jury trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 5, 10 and 16 of the Ohio Constitution.

[IV.] The instructions to the jury violated R.C. 2901.21 and 2945.11 and deprived Defendant–Appellant of his right to due process and a reliable jury determination of his guilt under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution by failing to apply the culpable mental state of recklessness to each and every element of public indecency and by omitting a definition of "physical proximity."

{¶ 2} R.C. 2907.09(A)(2) reads:

No person shall recklessly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household:

* * *

(2) Engage in sexual conduct or masturbation.

{¶ 3} A jury found Eric Brooks guilty of violating this statute primarily based upon the testimony of Thad Lookabaugh, an undercover detective with the Franklin County Sheriff's Office.

{¶ 4} Detective Lookabaugh had been assigned to investigate activity at Big Run Park in southwestern Franklin County. On June 1, 2007, Eric Brooks was in the park with his penis exposed. Detective Lookabaugh claimed that Brooks was masturbating and continued to masturbate after Lookabaugh approached and spoke to Brooks. Brooks claimed at trial that he was only urinating in a secluded place in the park.

{¶ 5} Lookabaugh arrested Brooks and escorted him from the wooded portion of the park, where they encountered Corporal Charles Williamson of the Franklin County Sheriff's Office. Williamson testified at trial that Brooks admitted that he had been masturbating. Brooks also stated that he had been drinking earlier.

{¶ 6} The testimony presented was sufficient to support the conviction. Without discussing at length the testimony presented about other people in the park and the distance to a public restroom, continuing to masturbate in the known presence of the detective was sufficient to establish the elements of the offense.

{¶ 7} Likewise, the verdict was not against the manifest weight of the evidence. Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks,* 61 Ohio St.3d at 273, 574 N.E.2d 492.

{¶ 8} Applying this standard, the verdict was not against the manifest weight of the evidence.

{¶ 9} The first assignment of error is overruled.

{¶ 10} Turning to the second assignment of error, Brooks was charged on June 1, 2007. His attorney filed a written demand for discovery on June 20, 2007. The prosecution did not disclose the expected testimony of Corporal Williamson until after the process of impaneling the jury had begun. Because the claimed admission was not revealed in a timely fashion, the trial judge initially refused to allow the statement to be used as evidence for the state of Ohio.

{¶ 11} Eric Brooks testified in his own defense at trial. He denied masturbating and denied telling Corporal Williamson that he had been masturbating. The trial judge then allowed Williamson to testify in the state's rebuttal case as to Brooks's admissions. This ruling is consistent with *Harris v. New York* (1971), 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1, and *United States v. Havens* (1980), 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559. The Supreme Court of Ohio followed these rulings in *State v. Hill* (1996), 75 Ohio St.3d 195, 661 N.E.2d 1068, in the context of violations of *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

{¶ 12} The issue before us is not merely a violation of the *Miranda* case. The issue before us is the handling of an inculpatory statement which is in the possession of law-enforcement personnel but which is not provided to the defense after written request under Crim.R. 16. This issue has been addressed by a panel of this court in *State v. Jones* (Mar. 16, 1999), Franklin App. No. 98AP–544, 1999 WL 174067. We are obligated to follow the *Jones* case.

{¶ 13} In *Jones,* the state of Ohio acquired documents that included inculpatory statements immediately before trial began. The state, upon reviewing the documents, found statements about corporal punishment that were inconsistent with the defendant's defense in the child-abuse case. The statements were not provided to the defense counsel until after two other witnesses had testified and until after the defendant herself had testified on direct examination. Defense counsel objected to the use of the inculpatory statements to cross-examine the

defendant, and the trial judge permitted this use. We reversed, finding prejudicial error.

{¶ 14} We do not find the *Jones* case to be distinguishable. The statements allegedly given to Corporal Williamson were not provided to the defense until trial had commenced and a jury was partially seated. The trial judge initially announced that he was suppressing the statement as evidence, and he directed the prosecutor to tell its witnesses not to make any reference to the statements in their testimony.

{¶ 15} Under the circumstances, the decision of the trial court later to allow the statements to be used to impeach the defendant on cross-examination had to come as a surprise. Had the statements been suppressed as a result of a *Miranda* violation, counsel would have been on notice that federal case law allowed the statements to be used for cross-examination of a testifying defendant. Defense counsel was not on notice that the statements could or would be used the way they were at the trial of Brooks, both for cross-examination and as the subject of rebuttal testimony from Corporal Williamson. The use of the statements was prejudicial error. Under the facts and circumstances of this case, we cannot find that the error was harmless beyond a reasonable doubt.

{¶ 16} The second assignment of error is sustained.

{¶ 17} The third assignment of error alleges that Brooks was deprived of a fair trial by prosecutorial misconduct. Specifically, improper cross-examination of Brooks, improper comments regarding Brooks's testimony, improper vouching for law enforcement officers, misstating of the law, and commenting on an invoked right of silence are alleged.

{¶ 18} The improper cross-examination allegation centers on questions to Brooks asking if Detective Lookabaugh was lying when he gave testimony that conflicted with the testimony of Brooks and on questions regarding the statements to Corporal Williamson. Great leeway is granted to both parties on cross-examination. We cannot find an abuse of that leeway in the question asked here.

{¶ 19} The improper comments alleged were comments on Brooks's failure to explain the difference between his testimony and the testimony of the police officers. Great latitude in closing argument is allowed, especially when no objections are made at the time of the argument. The comments clearly did not deprive Brooks of a fair trial. No plain error occurred, and the plain-error standard applies because there was no contemporaneous objection.

{¶ 20} The improper-vouching argument has some merit. The vouching occurred during an argument that the deputy sheriffs were "throwing their jobs away" in order to convict Brooks. This court can take notice of the fact that no

police officers have been indicted on perjury charges in Franklin County in the last 30 years. A jury verdict of "not guilty" does not put a police officer's career in jeopardy, and a failure to be believed by a jury does not jeopardize a career.

{¶ 21} This argument puts a jury in a posture of feeling that they have to find a defendant guilty of something or cost two police officers their "jobs * * *, their livelihoods."

{¶ 22} The argument was clearly improper, but was not subjected to a contemporaneous objection. We cannot say that plain error occurred because we cannot say that the argument contributed to the verdict. However, had a contemporaneous objection been made and overruled, a different result might be forthcoming.

{¶ 23} A misstatement of the law is alleged, but no misstatement of the law occurred. Instead, the prosecutor argued the laws in the context of the testimony in this case. Then the prosecutor encouraged the jury to "listen to the law the judge gives you."

{¶ 24} No argument of guilt based upon an involved right of silence occurred either. In closing argument, the prosecutor indicated that Brooks made the admission claimed by Corporal Williamson and then stopped talking— "probably a smart thing to do." The argument was permissible.

{¶ 25} On review, no prosecutorial misconduct constituting reversible error occurred.

{¶ 26} The third assignment of error is overruled.

{¶ 27} The fourth assignment of error argues that the jury instructions given did not accurately inform the jury of the application of the "reckless" kind of culpability to the elements and by failing to define "physical proximity."

{¶ 28} The charge given corresponded to the charge recommended in Ohio Jury Instructions. The Ohio Jury Instructions accurately sets forth the law to be provided to the jury. The charge given was not in error.

{¶ 29} The failure to provide a definition of "physical proximity" is not plain error. We presume that the jury can understand phrases expressed in plain English or that the jury will inquire as to the meaning of the phrase.

{¶ 30} The fourth assignment of error is overruled.

{¶ 31} In summary, the first, third, and fourth assignments of error are overruled. The second assignment of error is sustained. The judgment of the

Franklin County Court of Common Pleas is reversed, and the case is remanded for further appropriate proceedings.

Judgment accordingly.

MCGRATH, P.J., and BROWN, J., concur.